LARRY LAYFIELD, Special Adm'r of the Estate of Charles Layfield, Deceased, Plaintiff-Appellant, v. THE VILLAGE OF UNIVERSITY PARK, Defendant-Appellee.

Third District   No. 3—94—0061

Opinion filed October 19, 1994.

Stephen M. Passen, of Stephen M. Passen, Ltd., of Chicago (David G. Susler, of counsel), for appellant.

Kurnik, Cipolla, Stephenson & Barasha, Ltd., of Arlington Heights (Vincent C. Cipolla, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Larry Layfield, as special administrator for the estate of Charles Layfield, filed a petition under section 2—1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1401 (West 1992)) to vacate the dismissal order of December 4, 1990, and reinstate his case against the defendant, Village of University Park. The circuit court of Will County denied the petition. Plaintiff appeals. We reverse and remand with instructions.

The decedent, Charles Layfield, died when a piece of concrete, thrown from the Stuenkel Road overpass on Interstate 57, landed on the truck in which he was travelling. The plaintiff filed a wrongful death action against several defendants. However, we only concern ourselves with the Village of University Park. The other defendants were either dismissed from the action or granted summary judgment in their favor.

On September 18, 1990, the defendant filed a motion to dismiss. On September 27, 1990, the defendant filed the affidavit of Michael Gruberman, village manager for the Village of University Park, in support of defendant's motion. The affidavit stated that the village did not own, control or maintain the Stuenkel Road overpass for a period of at least two years prior to the deceased's death. Based on this affidavit, the plaintiff entered into an agreed order dismissing the Village of University Park as a defendant on December 4, 1990. The order stated:

"IT IS AGREED BETWEEN THE PARTIES:

Based upon the movant's non-ownership of the road in question as argued in University Park [sic] motion to strike and dismiss and evidenced by the attached affidavit of Village Manager, Michael Gruberman, the defendant Village of University Park shall be dismissed from this lawsuit voluntarily."

However, on November 7, 1989, plaintiff filed a complaint against the State of Illinois (State). The State then filed a motion to dismiss alleging the Stuenkel Road overpass was not part of the State's jurisdiction. In support of its motion, the State filed the affidavit of Robert I. Levine, highway systems manager for the Illinois Department of Transportation. As highway systems manager, Mr. Levine researches the jurisdictional boundaries of Illinois' highways. On April 29, 1993, the plaintiff took a discovery deposition of Mr. Levine. During this deposition Mr. Levine testified that on December 18, 1989, he telephoned Mr. Gruberman and discussed the probability of the Village of University Park having jurisdiction over the Stuenkel Road overpass. Mr. Gruberman agreed. Consequently, on October 26, 1993, plaintiff filed his motion to vacate the dismissal order of December 4, 1990, and reinstate the case.

The circuit court denied the plaintiff's petition based on our ruling in *Herman v. Swisher* (1983), 115 Ill. App. 3d 179, 450 N.E.2d 28. In *Herman* the trial court granted the defendant's motion for summary judgment. Consequently, the plaintiff moved for a voluntary nonsuit for the remainder of his complaint. The plaintiff then sought to reinstate the case and vacate the order granting summary judgment. We affirmed the trial court's decision not to vacate its or-

der of dismissal and refusal to reinstate the case. We based our decision on the often-cited rule from *Bettenhausen v. Guenther* (1944), 388 Ill. 487, 58 N.E.2d 550. Namely, where a plaintiff has been granted a voluntary nonsuit, the court has no power to vacate an order of dismissal and reinstate the cause of action, unless, at the time the nonsuit was taken, leave was given the plaintiff to move to set the dismissal aside. Absent this, the plaintiff's course of action is to begin the action anew. (*Bettenhausen*, 388 Ill. 487, 58 N.E. 550.) The rationale for this often-criticized rule (see *Johnson v. Sumner* (1988), 172 Ill. App. 3d 70, 72-73, 526 N.E.2d 690 (Stouder, P.J., specially concurring)) comes from *Weisguth v. Supreme Tribe of Ben Hur* (1916), 272 Ill. 541, 112 N.E. 350, where the court reasoned, if a plaintiff by his deliberate and voluntary act secures the dismissal of his suit, he must be held to have anticipated the effect and necessary results of this action, and he should not be restored to the position and the rights which he voluntarily abandoned.

However, this case does not involve a voluntary dismissal. The plaintiff entered into an agreed-upon dismissal only after the defendant filed Mr. Gruberman's affidavit stating the defendant did not own, control, or maintain the Stuenkel Road overpass. Once this affidavit was filed, the plaintiff had no choice but to dismiss his action. As a matter of law, the plaintiff could not maintain a claim against a party who did not maintain or control the overpass, and the dismissal order reflects this. Consequently, we believe this situation resembles more a dismissal for cause than it does a voluntary dismissal. Given this situation, the *Weisguth* and *Bettenhausen* rule as interpreted by *Herman* is inapplicable because the plaintiff voluntarily abandoned neither his position nor his rights.

Other courts have also refused to apply the rule where it would be inapposite to the *Weisguth* rationale. For example, in *Weilmuenster v. H.H. Hall Construction Co.* (1979), 72 Ill. App. 3d 101, 390 N.E.2d 579, the court held the *Weisguth* rule did not apply where the appellee and appellant agreed to the dismissal. (*Cf. Howard v. Francis* (1990), 204 Ill. App. 3d 722, 562 N.E.2d 599 (*Weisguth* rationale applicable where the plaintiff freely and voluntarily chose to dismiss his complaint over defendant's objections).) Moreover, the court held where agreed-upon dismissals are involved, trial courts retain jurisdiction to vacate an order of dismissal and reinstate the cause within the 30-day period under section 2—1203 of the Code (735 ILCS 5/2—1203 (West 1992)).

Moreover, in *Kalalinick v. Knoll* (1981), 97 Ill. App. 3d 660, 422 N.E.2d 1011, the court reasoned that Supreme Court Rule 304(a) (73 Ill. 2d R. 304(a)) enables a party to reinstate a case, either volunta-

rily or involuntarily dismissed, where claims are pending against other parties in the same action. In that situation, the court held, the trial court retains jurisdiction over the matter. See also *Mozer v. Kerth* (1992), 224 Ill. App. 3d 525, 586 N.E.2d 759.

Likewise, we find the trial court has jurisdiction to vacate this dismissal for cause in this case. Section 2—1401 of the Code provides a procedure where final orders, judgments, and decrees may be vacated after 30 days of entry; this is done by bringing to the court's attention matters of fact, unknown when the judgment was entered, but which, if known, would have affected or altered the judgment. (*Koffski v. Village of North Barrington* (1993), 241 Ill. App. 3d 479, 609 N.E.2d 364.) A petitioner must first show the grounds asserted for relief would have prevented the entry of judgment against him had they been known at trial, and then he must prove the failure to discover or present the grounds for relief was not the result of the petitioners's own lack of diligence. (*Lubbers v. Norfolk & Western Ry. Co.* (1984), 105 Ill. 2d 201, 473 N.E.2d 955.) However, after two years of the final judgment's entry, the litigant must additionally establish that the grounds for relief were fraudulently concealed from him. (*Ptaszek v. Michalik* (1992), 238 Ill. App. 3d 72, 606 N.E.2d 115.) Fraudulent concealment consists in the affirmative acts or misrepresentations intended to exclude suspicion or prevent injury. (*Dils v. City of Chicago* (1978), 62 Ill. App. 3d 474, 378 N.E.2d 1130.) The main thrust of this section of the Code is to achieve just and equitable results and to avoid unjust, unfair or unconscionable circumstances. *Gas Power, Inc. v. Forsythe Gas Co.* (1993), 249 Ill. App. 3d 255, 618 N.E.2d 959.

Based on these facts, we see no reason why the plaintiff could not invoke section 2—1401 of the Code and vacate the final order. A final order is one which disposes of the merits of the case in such a way that no further proceedings can be had in the trial court. (*Prendergast v. Rush-Presbyterian-St. Luke's Medical Center* (1979), 78 Ill. App. 3d 538, 397 N.E.2d 432.) We have already stated this situation resembles a dismissal for cause. Consequently, when the trial court issued the December 4, 1990, dismissal order, it fully adjudicated the merits against this defendant. Once the defendant stated it did not own, control or maintain the overpass, it exempted itself from the litigation; there was nothing left to litigate. Consequently, we find the circuit court has jurisdiction to hear plaintiff's petition under section 2—1401 of the Code.

Accordingly, the judgment of the circuit court of Will County is reversed and remanded with instructions that the circuit court

consider the merits of plaintiff's petition under section 2—1401 of the Code.

Reversed and remanded with instructions.

BARRY and McCUSKEY, JJ., concur.