SECOND DIVISION

DECEMBER 14, 1999

1-98-2109 and 1-98-2710

DEBORAH A. SELVY, JESSIE SELVY,  ) Appeal from the 

JR., JESSIE SELVY III and   ) Circuit Court

SAMUEL B. SELVY, and CARRIE R.   ) of Cook County

SELVY, CHANTA M. SELVY, DENARD   )

R. SELVY, ELIJAH V. SELVY,   )

IRVING L. SELVY, KENNETH L.   )

SELVY, LARNELL N. SELVY,   )

MICHAEL R. SELVY, RICKY A.   )

SELVY and SHANTIL T. SELVY by    )

their Next Friends, DEBORAH A.   )

SELVY AND JESSIE SELVY, JR.,   )

   )

Plaintiffs-Appellees,   )

   )

v.   ) No. 90 CH 7362 

   ) (Transferred to Law 

HERBERT A. BEIGEL,   ) Division)

   )

Defendant-Appellant.   )

   )

(Kenway Investments, Inc.,   )

Sidney D. Missner, and Sidney D. )

Missner Trust, No. 24458,   )

   )

Additional Defendants;   )

   ) 

   )

ALAN S. LEVIN, and WAYNE AND   )

LEVINE,   ) The Honorable 

   ) Sophia H. Hall,

Appellants).   ) Judge Presiding.

PRESIDING JUSTICE COUSINS delivered the opinion of the court.

The plaintiffs are a family that lived in an apartment on North Avenue in Chicago.  The apartment had peeling and crumbling lead paint which poisoned seven of the children.  The family filed suit, naming Herbert A. Beigel, Kenway Investments, Inc., and Sidney D. Missner, Jr., as defendants, seeking damages and injunctive relief.

Count I of the complaint sought an injunction requiring the defendants to remove the lead paint.  Count II was for breach of the warranty of habitability.  Count III was based on negligence.  Count IV alleged wilful and wanton misconduct and sought $1 million in punitive damages.  By leave of the court, the plaintiffs added the Sydney D. Missner Trust, No. 244858, as a defendant.  The court dismissed count I and granted summary judgment in favor of Kenway Investments.

A special process server was appointed and allegedly served Beigel.  Beigel did not respond and was found in default.  At the prove up a jury granted damages of $1,750,000.  Almost two years later, the plaintiffs served Beigel with a citation to discover assets.  When he again failed to appear, the court entered a rule to show cause.  Twelve days later, Beigel, through his attorney, filed a motion to vacate the default judgment, alleging that he had not been served with process.  After an evidentiary hearing, the trial court found that Beigel had been properly served and 
denied the motion.

   The plaintiffs filed an emergency motion for contempt, alleging that Beigel, with the assistance of his attorney, was transferring real property into trusts in violation of the citation order.  The court ordered Beigel to produce documents relating to the transfers.  Then Beigel filed a section 2-1401 motion to vacate the default judgment, alleging lack of service and certain equitable factors. 735 ILCS 5/2-1401 (West 1996).  The court stayed the citation proceedings pending resolution of the section 2-1401 motion.  The court denied the motion on the basis that it was not timely, and the plaintiffs moved to lift the stay of citation proceedings.  Beigel appealed from the denial of the section 2-1401 petition.  Then, at the request of the plaintiffs, the court imposed sanctions on Beigel and his attorney, on the grounds that the 2-1401 motion had been filed for purposes of delay.  Beigel then appealed the award of sanctions.  We consolidated the cases and now review.

Beigel argues that the trial court erred in denying the section 2-1401 petition both on the merits and because it did not realize that it had the discretion to grant the petition based on equitable factors.  Beigel and his attorney jointly argue that, as a result of the first error, the court erroneously found that the section 2-1401 petition was sanctionable for not having a good-faith basis in law, and that the court imposed excessive sanctions.

BACKGROUND

Deborah and Jessie Selvy lived with their 12 children at 2452 West North Avenue in Chicago from 1983 until 1990.  Lead paint was peeling and crumbling from the walls and ceiling of their apartment, and water leaking through the ceiling carried tiny particles of paint around the apartment.  The city had previously brought suit against the owners for failing to remove the lead-based paint, and the plaintiffs had informed Herbert Beigel, to whom they paid rent throughout their tenancy, of the problem repeatedly.  Seven of the Selvys' children were hospitalized for lead poisoning.

The Selvys filed suit against Beigel, Kenway Investments (a business that had purchased the building at a tax sale) and Sidney Missner, who also had had an ownership interest in the building.

Count I of the complaint sought an injunction requiring the defendants to remove the lead paint.  Count II was for breach of the warranty of habitability.  Count III was based on negligence.  Count IV alleged wilful and wanton misconduct and sought $1 million in punitive damages.  By leave of the court the plaintiffs added the Sydney D. Missner Trust, No. 244858, as a defendant.  The injunctive claim was adjudged moot, since the Selvy family no longer lived in the apartment, and it was no longer rented out as a residence.  Accordingly, the case was transferred to the law division.

Shortly after the suit was filed, the trial court appointed Darryl Smith as a special process server to effect service on Beigel.  Smith allegedly made several trips to the area of the apartment building along with Mr. and Mrs. Selvy.  On two of those occasions the Selvys saw Beigel and pointed him out to Mr. Smith.  On April 13, 1991, they made another trip.  Mr. Selvy identified Beigel once again and then Smith approached him.  Beigel was moving apartment fixtures with some other men.  Smith said "Herbert, can I speak to you?"  The other men pointed to Beigel and Smith handed him the summons.  Beigel refused to take the papers, so Smith touched him with the summons and left.  Smith then filed an affidavit of service with the court.

Beigel did not appear in court and a default judgment was entered against him on December 12, 1991.  After much litigation, on June 1, 1995, the court granted summary judgment in favor of Kenway Investments, on the basis that there was no landlord-

tenant relationship between it and the Selvys.  This court affirmed the grant of summary judgment.  
Selvy v. Beigel
, 283 Ill. App. 3d 532, 670 N.E.2d 784 (1996).  

The prove up as to Beigel was initially set for June 19, 1995.  The plaintiffs filed an emergency motion for a continuance and the prove up was moved to July 18, 1995.  At the conclusion of the proceeding, a jury assessed damages of $150,000 for each of the poisoned Selvy children, as well as exemplary damages of $700,000, for a total of $1,750,000.

The plaintiffs filed a citation to discover assets on July 1, 1997, and served it on Beigel on July 16, 1997.  Beigel did not appear before the court, so on August 1, 1997, the court entered a rule to show cause why Beigel should not be attached and punished for contempt of court.  Beigel was personally served for the rule to show cause on August 5, 1997.

On August 13, 1997, Beigel entered a special appearance through his counsel, Alan Levin and the law firm of Wayne & Levine.  He moved to quash service and to vacate the default judgment.  The motion alleged that Beigel had never been served and that there was no proof of service in the court file.  The plaintiffs responded, attaching Smith's affidavit of service from 1991, as well as sworn testimony of Smith and Mr. and Mrs. Selvy.  A hearing was held on November 12, 1997.  The parties waived the opportunity to present live testimony and the court decided, based on the affidavits, that Beigel had been properly served.  The trial court ordered Beigel to produce documents and appear for a deposition before December 18, 1997, in the citation to discover assets.

Beigel did not submit to a deposition until January 7, 1998.  At the deposition, he said that he had once owned the apartment building but that he no longer did.  It was not clear during what period of time he thought he owned the building.  Beigel abruptly left the deposition while it was in process.

On January 12, 1998, the plaintiffs filed an emergency motion that Beigel and his attorney be found in contempt of court.  The plaintiffs alleged that Beigel and his attorney had been moving his real property into two separate trusts in violation of court order.  The court ordered Beigel and attorney Levin to produce documents relating to the transfers as well as all other documents requested in the citation to discover assets. On February 18, 1998, Beigel filed a section 2-1401 petition to vacate the original default judgment. 735 ILCS 5/2-1401 (West 1996).  The court suspended citation proceedings pending resolution of the section 2-1401 motion.  As a defense on the merits of the defaulted claim, Beigel said that he did not own the property in question.  As an excuse for not filing the petition earlier, Beigel claimed again that he had not been served, said that he had not been notified of the default judgment, and noted that the plaintiffs had waited almost two years before executing the judgment.  He added that he was 83 years old and that as the result of a serious leg fracture in 1996, he had not been able to manage his daily affairs for 10 months.

The plaintiffs argued that the section 2-1401 petition was barred by the applicable statute of limitations.  The petition also was insufficient on the merits, they argued, since Beigel had failed to plead due diligence.  They alleged that the motion had been brought for the purposes of delay and interference with their efforts to enforce the judgment and was therefore sanctionable.  Following a hearing, the court denied the section 2-1401 motion.  On June 5, 1998, Beigel appealed.

The plaintiffs moved to lift the stay of citation proceedings and filed a petition for fees.  On June 26, 1998, after a hearing, the court granted the motion for fees and imposed sanctions on Beigel and his attorney.  On July 20, 1998, Beigel and attorney Levin appealed the award of sanctions and the amount awarded.  We consolidated the two appeals.

Beigel argues that the trial court erred in denying the section 2-1401 petition both on the merits and because it did not realize that it had the discretion to grant the petition based on equitable factors.  Beigel and his attorney jointly argue that, as a result of the first error, the court erroneously found that the section 2-1401 petition was sanctionable for not having a good-faith basis in law, and that the court imposed excessive sanctions.

ANALYSIS

I

Section 2-1401 of the Code of Civil Procedure provides a procedure by which final judgments may be challenged more than 30 days from their rendition.  735 ILCS 5/2-1401 (West 1996).  Whether to grant a section 2-1401 petition lies within the sound discretion of the trial court.  
Smith v. Airoom, Inc.
, 114 Ill. 2d 209, 221, 499 N.E.2d 1381, 1386 (1986).  Beigel requests that we reverse the trial court’s denial of his section 2-1401 petition and order that it be granted.  In the alternative, he asks that we reverse the denial of his petition and remand the case to the trial court with directions for it to make a new decision, taking into account the equitable circumstances that might weigh in his favor.  We will address each of these alternatives in turn.

A

First, Beigel asks us to reverse outright the trial court’s action on the grounds that the decision was so clearly incorrect on the merits as to constitute an abuse of discretion.  Abuse of discretion is only found if no reasonable person would decide as did the trial court.  
In re Marriage of Singleteary
, 293 Ill. App. 3d 25, 35-36, 687 N.E.2d 1080, 1087 (1997).  A reviewing court generally looks at the judgment itself in deciding whether to reverse it, not at the trial court's specific reasoning for its judgment.  
Material Service Corp. v. Department of Revenue
, 98 Ill. 2d 382, 387, 457 N.E.2d 9, 12 (1983).  

In our view, given the circumstances of the case, a denial on the merits would not have been an abuse of discretion.  Relief under section 2-1401 requires that the petitioner set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting that claim in the original action; and (3) due diligence in filing the section 2-1401 petition to vacate.  
Airoom
, 114 Ill. 2d at 221, 499 N.E.2d at 1385-86.  Beigel did not adequately plead the second element.  He argued in the petition to vacate that he showed due diligence in the original action because he was not served and did not discover the judgment until the citation to discover assets.  However, the court below found that Beigel was properly served with process.  Beigel has pled no other facts that could support a finding of due diligence in the original action.  Thus, the defendant clearly has not met the second requirement. 

The defendant points out however, that in the interests of justice a court may, on the basis of equitable factors, overlook lack of due diligence in a section 2-1401 motion.  
Pirman v. A&M Cartage, Inc.
, 285 Ill. App. 3d 993, 1003-04, 674 N.E.2d 874, 881 (1996); 
Bonanza International, Inc., v. Mar-Fil, Inc.
, 128 Ill. App. 3d 714, 717-18, 471 N.E.2d 221, 224 (1984).  Beigel claims that his age, his broken leg, the alleged lack of service and the failure of the plaintiffs to attempt enforcement of the judgment until almost two years after its entry constitute a set of circumstances making it so unjust to deny the petition to vacate that it was an abuse of discretion for the trial court not to grant it.  

The plaintiffs respond that these circumstances mostly relate to postjudgment events and do not provide any excuse as to why Beigel did not appear in the original action.  But to say that Beigel did not have an excuse for the initial default is simply to say that he did not exhibit due diligence (
Cunningham v. Miller's General Insurance Co.
, 188 Ill. App. 3d 689, 694, 544 N.E.2d 441, 443-44 (1989)), which Beigel effectively admits
.  Beigel's contention is that substantial justice requires that he be granted relief despite his failure to show due diligence.    

Nevertheless, we do not agree that under the circumstances it was unfair to deny Beigel's petition.  On the one hand, Beigel has not shown that it would be unfair to rule against him.  The record does not indicate that Beigel's advanced years have affected his mental capacities in such a way as to reduce his responsibility for his actions.  The issue of service has been adjudicated.  The fact that the plaintiffs waited to execute may have relevance to the issue of whether the limitations period can be tolled, but not to whether 
on the merits
 Beigel deserves relief.  On the other hand, Beigel has not shown that the plaintiffs have behaved in such a way that it was unfair to rule in their favor.  Beigel has not “provided any evidence which would demonstrate unfair, unjust, or unconscionable behavior, or any indication that the plaintiffs were deceptive in obtaining the default judgment.” 
Airoom
, 114 Ill. 2d at 228-29, 499 N.E.2d at 1390.  The equitable circumstances are not such that it would be so unjust to deny the section 2-1401 petition that it would constitute an abuse of discretion.  See 
European Tanspa, Inc. v. Shrader
, 242 Ill. App. 3d 103, 610 N.E.2d 172 (1993).

B

Beigel next contends that even if the decision to deny his section 2-1401 motion were not in itself an abuse of discretion, the trial court applied the wrong legal standard because it did not recognize that it had discretion to grant the petition in the interests of substantial justice.  Accordingly, he asks this court, as an alternative to outright reversal, to reverse the denial and remand with directions for the trial court to consider the equitable issues.

The record appears to support the defendant's view that the trial court did not think that it had discretion to grant the section 2-1401 petition.

"I know that counsel and you are asking me to use my equitable powers, but I first must address my legal powers to determine whether or not there is any discretion left to use equity. 

* * *

*** [T]here is no room for--or no procedure whereby I could exercise any equity at this point in the process."

A trial court's refusal to exercise discretion due to the mistaken belief that it has no discretion is error, 
and such error may, under the circumstances of a case, warrant reversal. 
 
Allstate Insurance Co. v. Rizzi
, 252 Ill. App. 3d 133, 137, 625 N.E.2d 74, 77-78 (1993).  Beigel contends that he was entitled to have the trial court consider the question of whether equitable factors dictated that it should grant the petition despite its deficiencies.  If the trial court erred in believing itself not to have discretion this court could, as Beigel requests, reverse the dismissal and remand with directions for the court to use its discretion and make the decision.  See, 
e.g.
, 
Moffitt v. Illinois Power Co.
, 248 Ill. App. 3d 752, 758, 618 N.E.2d 1305, 1309 (1993).

We are of the opinion, however, that the trial court was correct that it did not have the discretion to grant the section 2-1401 petition because the petition was not timely.  Section 2-

1401 incorporates a two-year time limitation:

"Except as provided in Section 20b of the Adoption Act, the petition must be filed not later than 2 years after the entry of the order or judgment.  Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years."  735 ILCS 5/2-1401(c) (West 1996).

Beigel first contends that the limitations period should have been tolled.  He argues that it was fraudulent concealment for the plaintiffs to wait almost two years before attempting to enforce the judgment.  But it "cannot be concluded here that the plaintiff's mere failure to execute on a judgment, the only allegedly fraudulent act, is fraudulent concealment." 
Agorianitis v. Ress
, 55 Ill. App. 3d 325, 328, 371 N.E.2d 10, 11 (1977).  It is a litigant’s own responsibility to follow his or her case (
Cooper v. United Development Co.
, 122 Ill. App. 3d 850, 856, 462 N.E.2d 629, 634 (1984)), and mere silence generally does not rise to the level of fraudulent concealment (
In re Marriage of Halas
, 173 Ill. App. 3d 218, 224, 572 N.E.2d 474, 478 (1988)).

Beigel also cites legal disability as a grounds for tolling the limitations period.  He suffered a leg fracture which required surgery and a lengthy hospital stay, and he alleged that as a result he was unable to look after his daily affairs for 10 months.  This, he claims, was a legal disability, and so the limitations period should have been tolled.  We do not wish to downplay the seriousness of Beigel's injury, but it is not of the type to constitute a legal disability.  To be under a legal disability a person must be "entirely without understanding or capacity to make or communicate decisions regarding his person 
and
 totally unable to manage his estate or financial affairs."  (Emphasis added.) 
Sille v. McCann Construction Specialties Co.
, 265 Ill. App. 3d 1051, 1055, 638 N.E.2d 676, 679 (1994).  Beigel has alleged that he was unable to manage his affairs, but not that he was without understanding or capacity to make or communicate decisions about his person.

Finally, Beigel argues that even if the technical requirements for tolling were not met, the court had discretion to extend the limitation in the interests of justice.  We disagree.  Beigel has cited many cases holding that, if equity directs, a court may overlook a petitioner's lack of due diligence in not filing a petition to vacate within 30 days of the judgment.  But he has not brought to our attention any case holding that a court has discretion to grant a section 2-1401 petition to vacate after the two-year limitation has run, absent duress, fraudulent concealment or legal disability.  Indeed, the case law is to the contrary. 
 
People v. Caballero
, 179 Ill. 2d 205, 211, 688 N.E.2d 658, 660-61 (1997) ("the two-year limitation mandated by section 2-1401 *** must be adhered to in the absence of a clear showing that the person seeking relief is under legal disability or duress or the grounds for relief are fraudulently concealed").
  Even if we believed the circumstances to warrant it, this court could not extend the statutory limitation by judicial fiat. 
Agorianitis
, 55 Ill. App. 3d at 328, 371 N.E.2d at 11. 

Accordingly, in our view, not only would the court not have abused its discretion in denying the petition on the merits, but it also was correct in thinking that it did not even have discretion to consider the petition.  Therefore we also decline to remand the case to the trial court for a decision based on the equities.

II

Beigel and attorney Levin argue that the trial court abused its discretion in granting the plaintiffs' motion for sanctions under Supreme Court Rule 137. 155 Ill. 2d R. 137.  A court awarding sanctions is to set forth with specificity the basis therefor. 155 Ill. 2d R. 137.  Such a finding is necessary in order to enable a reviewing court to determine whether the trial court's ruling was an informed one, whether the ruling was based on valid reasons that fit the case, and whether the trial court's ruling followed logically from the application of the reasons stated to the particular circumstances of the case.  
In re Marriage of Schneider
, 298 Ill. App. 3d 103, 107, 697 N.E.2d 1161, 1164 (1998); 
Ashley v. Scott
, 266 Ill. App. 3d 302, 305, 640 N.E.2d 677, 680 (1994).

Under the circumstances of this case it was not an abuse of discretion for the court to grant sanctions.  First, the section 2-1401 petition was not well-grounded in law.  The defendant and his attorney brought this petition after the time limit incorporated in the statute had expired, without pleading a valid basis to toll the limitations period or citing any case law suggesting that the trial court could do so.  Nor was the petition well-grounded in fact.  One of the primary bases argued for relief was an alleged fact (lack of service) that the trial court had already rejected. 

Moreover, Beigel has dragged his feet throughout these proceedings by, for instance, ignoring court summons, not appearing for his deposition when directed to, and walking out of his deposition.  Given Beigel’s past uncooperative conduct, we feel the trial court was justified in concluding that the section 2-1401 motion was a dilatory tactic.

III

Finally Beigel and attorney Levin argue that the fees assessed against them were excessive.  They claim that the trial court erred in granting fees for more hours and more issues than were necessary to respond to the section 2-1401 motion.  A trial court may use its own knowledge and experience in determining the amount of time reasonably necessary to complete particular activities.  
Olsen v. Staniak
, 260 Ill. App. 3d 856, 866, 632 N.E.2d 168, 176 (1994).  Its decision as to the reasonableness of attorney fees will not be reversed absent an abuse of discretion.  
Brubakken v. Morrison
, 240 Ill. App. 3d 680, 686, 608 N.E.2d 471, 475 (1992). In our view, the court did not abuse its discretion in awarding fees as requested in the petition.

CONCLUSION

For the foregoing reasons the decisions of the trial court are affirmed.

Affirmed.

McBride and McNulty, JJ., concur.