JAHNENE CLAY, Plaintiff-Appellee, v. DIANE HUNTLEY, Special Adm'r of the Estate of Annie Collins, Deceased, Defendant-Appellant.

First District (3rd Division)   No. 1—01—3079

Opinion filed March 19, 2003.

Deborah L. Nico, of Sanchez & Daniels, of Chicago, for appellant.

Michael S. Baird, of Stotis & Baird, Chtrd., of Chicago, for appellee.

JUSTICE HALL delivered the opinion of the court:

The defendant, Diane Huntley, as special administrator (the Administrator) of the estate of Annie Collins, deceased (Mrs. Collins), filed an amended petition pursuant to section 2—1401 of the Code of

Civil Procedure (the Code) (735 ILCS 5/2—1401 (West 2000)) seeking to vacate a judgment entered in favor of the plaintiff, Jahnene Clay, and against Mrs. Collins's estate. The circuit court denied the amended petition. The Administrator appeals.

The sole issue on appeal is whether the circuit court abused its discretion when it denied the Administrator's amended section 2—1401 petition.

On July 11, 1997, the plaintiff filed a suit for damages against Mrs. Collins alleging that Mrs. Collins assaulted her by willfully spilling a container of caustic liquid chemicals on the plaintiff. Mrs. Collins was served with summons and filed an appearance through her attorney, Lawrence Andolino of the law firm of Edward R. Vrdolyak (Vrdolyak law firm).

On July 21, 1999, the circuit court entered a case management order setting the case for jury trial on May 10, 2000.

On August 27, 1999, Mr. Andolino filed a motion to spread of record Mrs. Collins's death on June 8, 1999. On September 7, 1999, the circuit court granted the motion. The circuit court also granted the plaintiff's oral motion to file an amended complaint substituting Willie Collins (Mr. Collins), Mrs. Collins's husband, as special administrator of her estate, as defendant and to add a negligence count to the complaint. On September 15, 1999, the plaintiff filed an amended two-count complaint naming Willie Collins, as special administrator of Mrs. Collins's estate, as defendant.

On May 4, 2000, Mr. Andolino filed a motion to withdraw as attorney for Mrs. Collins, citing her death and her family's lack of cooperation. The accompanying notice of motion stated that he would present the motion on May 17, 2000. The notice and motion were addressed to the "Family of Annie Collins, 2140 Washburne Avenue, Chicago, Il. 60608" and indicated that the notice and motion were sent certified mail, return receipt requested.

On May 10, 2000, the scheduled jury trial date, the circuit court entered an order which provided that the "Defendant" was waiving "its" jury demand and the plaintiff was nonsuiting the intentional tort count of the complaint. The order further provided that "the Defendant" was defaulted as to the negligence count for failure to answer or otherwise plead to the negligence count. The case was set for prove-up on May 11, 2000.

On May 11, 2000, Mr. Andolino filed another notice of motion stating that he would present his motion to withdraw as attorney for Mrs. Collins on that date. According to his affidavit in the record, on May 10, 2000, Orlando DeLeon delivered the May 11, 2000, notice of motion and motion to withdraw to 6824 South Campbell Street, Chicago, where it was accepted by Karion Collins.

On May 11, 2000, the circuit court entered judgment in favor of the plaintiff in the amount of $400,000 plus costs against Mr. Collins, as special administrator of Mrs. Collins's estate. The circuit court also allowed the Vrdolyak law firm to withdraw as attorney for "Ann Collins."

On November 13, 2000, Mr. Collins, through new counsel, filed a section 2—1401 petition to vacate the May 11, 2000, judgment. The petition alleged, *inter alia*, that Mr. Collins had a meritorious defense to the negligence action under the Dead-Man's Act (735 ILCS 5/8—201 (West 1996)). The petition further alleged that Mr. Collins had been diligent with respect to the underlying lawsuit, and upon learning of the entry of the judgment, he took steps to vacate the judgment. According to his supporting affidavit, Mr. Collins averred that he never received notice that he was named as the special administrator of Mrs. Collins's estate, that he never received a copy of the plaintiff's amended complaint and that he never received notice of the default order entered in this case. Mr. Collins further averred that he did not receive notice of the entry of the May 11, 2000, judgment or the withdrawal of the Vrdolyak law firm.

On February 23, 2001, attorneys for Mr. Collins filed a motion requesting that Diane Huntley be substituted for Mr. Collins as special administrator for Mrs. Collins's estate based upon Mr. Collins's diminished capacity, both mentally and physically. The attorneys also sought the withdrawal of Mr. Collins's affidavit and leave to file an amended petition. On March 6, 2001, the circuit court entered an order allowing the withdrawal of Mr. Collins's affidavit, substituting Diane Huntley as the special administrator and granting leave to file an amended section 2—1401 petition.

On May 15, 2001, the Administrator filed an amended section 2—1401 petition. The petition alleged, *inter alia*, that Mr. Collins should not be held accountable for any delay or negligence in seeking to vacate the May 10 and May 11, 2000, orders due to his mental incompetence.

The Administrator filed a memorandum of law in support of the petition. The exhibits to the memorandum included the affidavit of Dr. Rodolfo Pamintuan in which the doctor averred that he had been treating Mr. Collins for chronic congestive heart failure, chronic atrial fibrillation and senile dementia, which rendered him incompetent to participate in or follow the progress of any legal matters since April 1999.[1] Also included as an exhibit was the affidavit of Mr. Andolino in which he averred that the Vrdolyak law firm received the amended

---

[1]On appeal, the plaintiff has challenged the validity of the affidavits of

complaint and sent a copy of it to Mrs. Collins's family at 2140 Washburne Avenue, that the Vrdolyak law firm had never received a change of address from the family and that a copy of the order granting the motion to withdraw was sent to Mrs. Collins's family, but, because the Vrdolyak law firm had withdrawn, the May 11, 2000, order relating to the prove-up was not sent to the family.

The plaintiff filed a response to the amended section 2—1401 petition. In her response, the plaintiff alleged that on May 10, 2000, through their respective attorneys, the parties had reached an agreement. According to the affidavit of Jeffrey Burkart, the plaintiff's attorney, Mr. Burkart informed Mr. Andolino that he was only interested in proceeding to judgment on the negligence count so that he could potentially recover from Allstate, Mrs. Collins's insurer. Mr. Andolino advised Mr. Burkart that Mr. Andolino had only been hired to defend the intentional tort count and that it was Allstate's responsibility to defend the negligence count. The attorneys agreed that Mr. Burkart would nonsuit the intentional tort count and seek a default judgment on the negligence count. Based upon his normal practice, Mr. Burkart would have sent a copy of the default order to Allstate.

The Administrator filed a reply to the plaintiff's response, supported by the affidavit of Karion Williams. According to her affidavit, prior to the death of her mother, her parents resided at 2140 West Washburne Avenue in Chicago. After Mrs. Collins's death on June 8, 1999, Mr. Collins moved in with Ms. Williams at 6824 South Campbell Street, Chicago, so that Ms. Williams could monitor his medical treatment. While they received the motion advising them that the Vrdolyak law firm was withdrawing as counsel for Mrs. Collins, neither she nor her father received copies of the amended complaint or the default and judgment orders entered in the case. Ms. Williams and her father first learned in September 2000 that Mr. Collins had been named the special administrator and that the default and judgment orders had been entered. Ms. Williams then contacted her mother's insurance carrier and requested that an attorney be appointed to defend Mr. Collins in this matter.

In addition, according to the affidavit of Deborah Nico, the attorney assigned to represent Mr. Collins after the Vrdolyak law firm withdrew, on January 17, 2001, when the plaintiff's counsel, Michael

---

both Dr. Pamintuan and Karion Williams, the daughter of Mr. and Mrs. Collins, on the basis that they were not sworn to or notarized. We need not address the merits of the plaintiff's argument, however, as the plaintiff does not contend nor is there any evidence in the record that Mr. Collins was served with summons, the determinative issue in this case.

Baird, and she attempted to take Mr. Collins's deposition, he was confined to a hospital bed, appeared to be in physical distress and could not respond to basic questions put to him.

On July 16, 2001, the circuit court denied the amended section 2—1401 petition. The Administrator filed a timely notice of appeal.

## ANALYSIS

### I. Standard of Review

■ Whether to grant a section 2—1401 petition lies in the sound discretion of the trial court. *Selvy v. Beigel*, 309 Ill. App. 3d 768, 773, 723 N.E.2d 702, 706 (1999). An abuse of discretion is found only if no reasonable person would decide as did the trial court. *Selvy*, 309 Ill. App. 3d at 774, 723 N.E.2d at 706-07.

### II. Discussion

■ Section 2—1401 of the Code provides a procedure where final orders, judgments and decrees may be vacated after 30 days of entry; this is done by bringing to the court's attention matters of fact, unknown when the judgment was entered, but which, if known, would have affected or altered the judgment. *Layfield v. Village of University Park*, 267 Ill. App. 3d 347, 350, 641 N.E.2d 1247, 1249 (1994).

■ Relief under section 2—1401 requires that the petitioner set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting that claim in the original action; and (3) due diligence in filing the section 2—1401 petition to vacate. *Selvy*, 309 Ill. App. 3d at 774, 723 N.E.2d at 707. A petitioner must first show the grounds asserted for relief would have prevented the entry of the judgment against him had they been known at trial, and then he must prove that the failure to discover or present the grounds for relief was not the result of the petitioner's own lack of diligence. *Layfield*, 267 Ill. App. 3d at 350, 641 N.E.2d at 1249.

■ In addition, section 2—1401(f) provides that "[n]othing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief." 735 ILCS 5/2—1401(f) (West 2000).

■ Section 2—1008 of the Code provides in pertinent part as follows:

> "If a person against whom an action has been brought dies, and the cause of action survives and is not otherwise barred, his or her personal representative shall be substituted as a party. If no petition has been filed for letters of office for the deceased's estate, the court, upon the motion of a person bringing an action and after the

notice to the party's heirs or legatees as the court directs and without opening an estate, may appoint a special representative for the deceased party for the purposes of defending the action. If a party elects to have a special representative appointed under this paragraph (2), the recovery shall be limited to the proceeds of any liability insurance protecting the estate ***." 735 ILCS 5/2— 1008(b)(2) (West 2000).

In cases such as the one before us, the statutory process described above contemplates (1) a motion by the plaintiff for the appointment of a special administrator; (2) notice to the deceased defendant's heirs or legatees that the plaintiff is seeking to substitute a special administrator; and (3) the circuit court's appointment of a special administrator.

■ We observe, first, that the plaintiff did not file a motion seeking the appointment of a special administrator. Rather, the September 7, 1999, order reflects that the plaintiff made an oral motion for leave to file an amended complaint naming Mr. Collins as special administrator. While section 2—1008 provides that notice to the deceased party's heirs and legatees is "as the court directs," the record in this case does not reflect that Mr. Collins was ever notified that the plaintiff was seeking to name him as special administrator of Mrs. Collins's estate.

However, failure to give notice does not render the appointment of a special administrator void *ab initio*. See *Sepeda v. LaBarre*, 303 Ill. App. 3d 595, 599, 708 N.E.2d 804, 806 (1999) (where the notice was not given "as the court directs," the remedy was to file a petition to replace the special administrator, and until then, the appointment of the special administrator was effective).[2]

In the present case, therefore, the failure of the plaintiff to notify Mr. Collins that the plaintiff was seeking to name him special administrator of Mrs. Collins's estate does not entitle him to a vacation of the judgment against him.

■ However, more significantly, there is no evidence in the record that Mr. Collins was ever served with summons together with a copy of the amended complaint.[3] We note that section 2—1008 makes no mention of service of summons on the substituted special administra-

---

[2]In *Sepeda* the reviewing court dealt with the notice "as the court directs" requirement of section 13—209(b) of the Code (735 ILCS 5/13—209(b)(2) (West Supp. 1997)). The court noted, however, that the notice provisions of section 2—1008 of the Code and section 2.1 of the Wrongful Death Act (740 ILCS 180/2.1 (West 1996)) were identical. *Sepeda*, 303 Ill. App. 3d at 598, 708 N.E.2d at 806.

[3]According to Mr. Andolino's affidavit, a copy of the amended complaint

tor. However, a fundamental requirement of due process in any proceeding that is to be accorded finality is notice, reasonably calculated under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Stratton v. Wenona Community Unit District No. 1*, 133 Ill. 2d 413, 432, 551 N.E.2d 640, 648 (1990). Since Mr. Collins was not notified of the petition seeking to name him special administrator of Mrs. Collins's estate and he never appeared in response to the petition, due process requires that once he was named as the special administrator of Mrs. Collins's estate, he be served with summons.

■ A court obtains personal jurisdiction over a defendant either when the defendant is served with process or when the defendant enters a general appearance. *Minikon v. Escobedo*, 324 Ill. App. 3d 1073, 1083, 756 N.E.2d 302, 311 (2001).

If a party is not properly served with summons, the trial court does not obtain personal jurisdiction over that party. *In re Marriage of Schmitt*, 321 Ill. App. 3d 360, 367, 747 N.E.2d 524, 530 (2001). Where a trial court does not have jurisdiction over a party, any order entered against him is void *ab initio* and subject to direct or collateral attack at any time. *Schmitt*, 321 Ill. App. 3d at 367, 747 N.E.2d at 530.

■ Any action taken by a defendant that recognizes a case as being in court constitutes the entry of a general appearance unless the action is taken for the sole purpose of objecting to the court's jurisdiction over the defendant's person. *Minikon*, 324 Ill. App. 3d at 1083, 756 N.E.2d at 311.

The record in this case reflects that following the death of Mrs. Collins and the filing of the amended complaint naming Mr. Collins as the special administrator, Mr. Andolino continued to appear in this case.

■ Generally, the relationship of attorney and client is terminated by the death of the client, and thereafter, the authority of the attorney to represent the interests of a deceased client must come from the personal representatives of the decedent. *In re Marriage of Fredricksen*, 159 Ill. App. 3d 743, 745, 512 N.E.2d 1080, 1082 (1987). An attorney's employment and his authority are revoked by the death of his client, so an attorney cannot proceed where he does not represent a plaintiff or defendant. *Washington v. Caseyville Health Care Ass'n*, 284 Ill. App. 3d 97, 100, 672 N.E.2d 34, 36 (1996).

---

was sent to the Collins family at the Washburne Avenue address, since the Vrdolyak firm was not advised of a change of address. Yet Mrs. Collins's death certificate contained the Campbell Street address, and the Vrdolyak firm was in possession of the certificate and that information at least as of September 7, 1999, when Mrs. Collins's death was spread of record.

In this case, Mr. Andolino's appearance was filed on behalf of Mrs. Collins, not Mr. Collins. The record does not reflect that Mr. Andolino filed an additional appearance on behalf of Mr. Collins or that he had any authority to act on behalf of Mr. Collins. The motion to withdraw filed by Mr. Andolino on behalf of the Vrdolyak law firm specified that the law firm was withdrawing its representation of "Ann Collins." While the motion did not mention Mr. Collins, following its withdrawal, the law firm had no further contact with the Collins family. According to Mr. Andolino's affidavit, Mr. Collins was sent a copy of the order granting the withdrawal but not a copy of the judgment order because the Vrdolyak law firm had withdrawn.

We conclude that the Vrdolyak law firm and Mr. Andolino never represented Mr. Collins, and therefore, Mr. Andolino's actions in continuing to appear before the court in this case, including his agreement with Mr. Burkart to allow a default judgment to be entered against Mr. Collins as the special administrator, did not confer the circuit court jurisdiction over Mr. Collins.

In summary, Mr. Collins was never notified that the plaintiff was seeking to name him the special administrator of Mrs. Collins's estate; he was never served with summons and a copy of the amended complaint; he never filed an appearance or otherwise appeared before the court in this case; and Mr. Andolino and the Vrdolyak law firm did not represent Mr. Collins. Therefore, any appearances or actions by Mr. Andolino did not confer the circuit court's jurisdiction to Mr. Collins.

We conclude that the circuit court lacked jurisdiction over Mr. Collins, and therefore, the circuit court's orders of May 10 and May 11, 2000, defaulting Mr. Collins and entering judgment against him as the special administrator are void *ab initio*. Thus, the circuit court abused its discretion when it denied section 2—1401 relief to the Administrator.

The judgment of the circuit court of Cook County is reversed and the cause remanded for the entry of an order granting the petition and for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded with directions.

HOFFMAN and WOLFSON, JJ., concur.