*In re* ESTATE OF ARTHUR ALLEN SIMMONS, Deceased (John Alleman, Petitioner-Appellant, v. Lee Fennell, as Ex'r of the Estate of Arthur Allen Simmons, *et al.*, Respondents-Appellees).

Fifth District   No. 5—04—0692

Opinion filed December 14, 2005.

John D. Alleman, of Alleman & Hicks, of Carbondale, for appellant.

David L. Bartelsmeyer, of Craig & Bartelsmeyer, P.C., of Herrin, for appellees.

JUSTICE DONOVAN delivered the opinion of the court:

Arthur Simmons passed away on August 1, 2003, and a petition to probate his will was filed in the circuit court of Williamson County on November 18, 2003. John Alleman, an attorney whom Simmons had hired to prosecute a medical malpractice case, filed a claim in the probate case, seeking compensation for the legal services he had provided prior to Simmons's death. After a claims hearing, the circuit court denied Alleman's claim and Alleman appealed. The sole issue is whether an attorney is entitled to recover compensation on a *quantum meruit* basis for services provided under a contingent-fee contract where the client dies before a monetary recovery is made and the estate refuses to pursue the litigation.

The following facts are undisputed. Arthur Simmons hired attorney John Alleman to prosecute a medical malpractice claim. Simmons signed a contingent-fee agreement, the terms of which provided that Alleman would receive a specified percentage of any monies recovered through a settlement or a verdict. Simmons also agreed to pay the court costs and litigation expenses from the recovery. On August 1, 2003, Simmons died of a cause unrelated to the malpractice

litigation. The case was in the discovery phase at that time. There is no indication in the record that a settlement offer had been made.

On November 18, 2003, a petition for the probate of Simmons's will and for letters testamentary was filed in the circuit court of Williamson County. Lee Fennell, Simmons's daughter, was appointed as the independent executor (executor) of the estate of Arthur Allen Simmons (the estate), and Simmons's will was admitted for probate. Apparently, Alleman contacted the executor about the malpractice litigation, but she would not authorize the continued litigation of the action, and the lawsuit was dismissed.

Alleman filed a $7,500 claim in the probate case, seeking compensation from the estate for the legal services he had provided in the malpractice action. The circuit court denied Alleman's claim. In its ruling, the court noted that Alleman had a contingent-fee contract with Simmons and that Alleman's services were terminated before any recovery was made in the case. The court determined that Alleman was not entitled to a fee because the contingent-fee agreement did not provide for attorney fees if there was no recovery. The court indicated that Alleman would have been entitled to *quantum meruit* had the estate or any beneficiary recovered any money from the malpractice action.

On appeal, Alleman claims that an attorney who provides legal services pursuant to a contingent-fee contract is entitled to be paid reasonable compensation on a *quantum meruit* basis for the services rendered where the client dies before a monetary recovery is made and the estate refuses to pursue the litigation.

■ Generally, the attorney-client relationship terminates on the death of the client, and thereafter, the attorney must obtain authorization from the decedent's personal representative in order to pursue the interests of the decedent. *Clay v. Huntley*, 338 Ill. App. 3d 68, 76, 787 N.E.2d 317, 323 (2003). In the absence of this authorization, the attorney cannot proceed because he no longer represents a party to the litigation. *Washington v. Caseyville Health Care Ass'n*, 284 Ill. App. 3d 97, 100, 672 N.E.2d 34, 36 (1996). In this case, the attorney-client relationship and the contingent-fee agreement terminated at the moment Simmons passed away. The estate declined to authorize Alleman to continue to litigate the action. The case was dismissed and there was no recovery. The question is whether Alleman is entitled to reasonable compensation for the legal services he provided prior to Simmons's death.

■■ In Illinois, a client may terminate the services of his attorney at any time with or without cause. *Rhoades v. Norfolk & Western Ry. Co.*, 78 Ill. 2d 217, 227-28, 399 N.E.2d 969, 974 (1979). A client has a

right to dismiss his suit at will, even if he had a contingent-fee agreement with his lawyer and the lawyer had served notice of his attorney's lien; and the lawyer may not compel the continuation of the lawsuit to protect his lien because the lien is inferior to the client's right to dismiss the action. *Herbster v. North American Co. for Life & Health Insurance*, 150 Ill. App. 3d 21, 28-29, 501 N.E.2d 343, 348 (1986); *Anastos v. O'Brien*, 3 Ill. App. 3d 1015, 1020-21, 279 N.E.2d 759, 763-64 (1972). Neither a contingent-fee agreement nor the service of an attorney's lien gives the lawyer an interest in the subject matter of the litigation, but a proper lien does give the lawyer an interest in the proceeds of the litigation. *Anastos*, 3 Ill. App. 3d at 1020-21, 279 N.E.2d at 764. In this case, there were no litigation proceeds or any settlement offers to which Alleman could claim an interest under the Attorneys Lien Act (770 ILCS 5/0.01 *et seq.* (West 2000)) or an equitable lien theory.

■ The Illinois Supreme Court has determined that an attorney who enters into a contingent-fee contract with a client and is discharged without just cause is entitled to be paid on a *quantum meruit* basis a reasonable fee for the services rendered up to the date of the discharge. See *Rhoades*, 78 Ill. 2d at 230, 399 N.E.2d at 975; *In re Estate of Callahan*, 144 Ill. 2d 32, 40, 578 N.E.2d 985, 988 (1991). In establishing this rule, the supreme court reasoned that a contingent-fee contract terminates along with the termination of the attorney-client relationship and that the attorney's recovery cannot be dependent upon terms in a nonoperative contract and should not be measured by the results achieved by a successor. *Rhoades*, 78 Ill. 2d at 230, 399 N.E.2d at 975. Under this rule, the client's rights to control the subject matter of the litigation and to discharge his attorney at any time is preserved, while the discharged attorney is permitted to seek reasonable compensation for the services he provided prior to being discharged. *Rhoades*, 78 Ill. 2d at 230, 399 N.E.2d at 975; *In re Estate of Callahan*, 144 Ill. 2d at 40-41, 578 N.E.2d at 988.

The Illinois Supreme Court has also determined that an attorney's claim for compensation under a *quantum meruit* theory accrues immediately after his services are terminated. *In re Estate of Callahan*, 144 Ill. 2d at 40, 578 N.E.2d at 988. In reaching this conclusion, the supreme court recognized that it was possible for a client to receive legal services and yet not be enriched in a tangible way. *In re Estate of Callahan*, 144 Ill. 2d at 41, 578 N.E.2d at 988-89; *Ashby v. Price*, 112 Ill. App. 3d 114, 122-23, 445 N.E.2d 438, 444 (1983).

■ In this case, the circuit court denied Alleman's claim on the grounds that the contingent-fee agreement did not provide for attorney fees in the absence of a monetary recovery. However, the

contingent-fee agreement and the attorney-client relationship between Alleman and Simmons terminated on Simmons's death, and it was error to deny Alleman's claim for attorney fees based on a contractual provision that was no longer operative. *Rhoades*, 78 Ill. 2d at 230, 399 N.E.2d at 975. We note that the circuit court made no finding regarding whether Alleman's termination was for just cause. There is nothing in the record to indicate that Simmons was displeased with Alleman or wished to terminate his services. It is reasonable to infer that Alleman would have continued to litigate the malpractice claim if Simmons had not passed away. Based on the circumstances in the record, we conclude that Alleman was not terminated because of any fault on his part. Alleman should have been given the opportunity to present evidence of the value of the services rendered up to his termination. *Rhoades*, 78 Ill. 2d at 230, 399 N.E.2d at 975; *In re Estate of Callahan*, 144 Ill. 2d at 40, 578 N.E.2d at 988. Therefore, we remand the case to the circuit court for a determination of Alleman's claim for fees. On remand, Alleman will bear the burden of establishing the value of his services, and the court may consider a number of factors, including Alleman's skill and standing, the nature of the litigation, the time and labor expended, and any benefits, tangible or intangible, resulting to the client. *In re Estate of Callahan*, 144 Ill. 2d at 43-44, 578 N.E.2d at 990.

Accordingly, the decision of the circuit court to deny Alleman's claim for attorney fees under *quantum meruit* is reversed, and the cause is remanded for a hearing on the claim for attorney fees.

Reversed; cause remanded.

SPOMER, P.J., and WELCH, J., concur.