EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Rina Cruz Pérez<br><br>Peticionaria<br><br>v.<br><br>Delmarie Roldán Rodríguez;<br>Wilmarie Roldán Rodríguez; Delma<br>Rodríguez Morales<br><br>Recurridos | Certiorari<br><br>2021 TSPR 16<br><br>206 DPR \_\_\_\_ |

Número del Caso: CC-2020-127

Fecha: 18 de febrero de 2021

Tribunal de Apelaciones:

   Panel I

Abogado de la parte peticionaria:

   Lcdo. Carlos J. Laboy Díaz

Abogado de la parte recurrida:

   Lcdo. Johnny Ocasio Torres

Materia: Obligaciones y contratos: pacto de honorarios contingentes; *quantum meruit*. Cuando hay un pacto de honorarios contingentes y el cliente muere sin que se haya dado la contingencia, y el abogado queda imposibilitado de continuar con su gestión, ya sea por conflicto de intereses u otras causas, procede que se le pague un importe razonable por las gestiones evidenciadas que haya realizado hasta la fecha en que su representación culminó.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rina Cruz Pérez

    Peticionaria

       v.

                                CC-2020-0127

Delmarie Roldán Rodríguez;
Wilmarie Roldán Rodríguez;
Delma Rodríguez Morales

    Recurridos

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES.

En San Juan, Puerto Rico, a 18 de febrero de 2021.

Nos corresponde determinar si el Tribunal de Apelaciones erró al concluir que la peticionaria no alegó hechos que ameritaran la concesión de un remedio. Como corolario, debemos resolver si una abogada tiene derecho a recibir el pago de honorarios contingentes, aunque la contingencia acordada no se consumó, debido a la muerte de su cliente. Por las razones que exponemos a continuación, resolvemos que el principio aplicable es el de *quantum meruit*, por lo cual la abogada tiene derecho a un importe razonable por la labor realizada.

I

La peticionaria, Lcda. Rina Cruz Pérez, representó legalmente al Sr. Wilmer Roldán Graniela (señor Roldán Graniela) en el caso Delma Rodríguez Morales v. Wilmer Roldán Graniela, Civil Núm. J AC2012-0039, sobre liquidación de comunidad de bienes postganancial. Sin embargo, el señor Roldán Graniela falleció antes de que culminara la gestión para la que contrató a la licenciada Cruz Pérez. Las señoras Delmarie Roldán Rodríguez y Wilmarie Roldán Rodríguez, hijas y herederas únicas del señor Roldán Graniela, lo sustituyeron en el caso y le solicitaron a la licenciada Cruz Pérez que presentara una moción de renuncia de representación legal.

Entonces, la licenciada Cruz Pérez presentó la moción. Adujo que, dado los eventos anteriores, ya no representaba a ninguna parte activa en el caso. No obstante, solicitó la intervención en el caso para asegurar el cobro de sus honorarios. Arguyó la existencia de un contrato escrito de servicios profesionales, el cual establecía: "Los honorarios pactados serán el 20% de lo recibido en la reclamación, ya sea judicial o extrajudicialmente". Siendo así, solicitó que se estableciera la participación correspondiente del señor Roldán Graniela en el caudal a liquidar, hasta la fecha de su muerte, para que esta cantidad sirviera como indicador de los honorarios que la sucesión debía pagarle.

A tales efectos, el 10 de septiembre de 2018, el Tribunal de Primera Instancia emitió una resolución en la que denegó la intervención de la licenciada Cruz Pérez, por entender que la reclamación sobre cobro de honorarios debía ser presentada en un pleito independiente. Posteriormente, las señoras Roldán Rodríguez desistieron del pleito de liquidación de la comunidad de bienes postganancial.

El 29 de octubre de 2018, la licenciada Cruz Pérez presentó la demanda de epígrafe en contra de la Sra. Delma Rodríguez Morales (señora Rodríguez Morales) y las señoras Roldán Rodríguez. Alegó que estas le adeudan honorarios equivalentes al 20% de la participación del señor Roldán Graniela en la extinta sociedad de bienes gananciales compuesta por este y la señora Rodríguez Morales, según pactado con el causante.

Las demandadas presentaron una moción de desestimación. Indicar culminó por desistimiento, por lo que ella no tenía derecho al cobro de honorarios contingentes. El foro de primera instancia denegó esta moción.

Inconformes, las señoras Roldán Rodríguez y la señora Rodríguez Morales, presentaron un recurso de *certiorari* ante el Tribunal de Apelaciones. En lo pertinente, alegaron que la licenciada Cruz Pérez no tenía derecho al cobro de los honorarios según reclamados. Cabe destacar que la licenciada Cruz Pérez no presentó oposición al recurso de certiorari.

En consecuencia, el 30 de diciembre de 2019, el Tribunal de Apelaciones desestimó el caso sobre cobro de honorarios. Resolvió que, debido a que el caso original quedó inconcluso y la licenciada Cruz Pérez renunció a la representación legal, esta no tenía derecho al cobro de honorarios contingentes. Oportunamente, la licenciada Cruz Pérez presentó una moción de reconsideración, la cual fue declarada no ha lugar.

Insatisfecha, la licenciada Cruz Pérez presentó ante nos, un recurso de *certiorari* y señaló que su renuncia como abogada en el caso no derrota su reclamo de honorarios, según pactados, por la labor realizada, según – al menos– la doctrina de *quantum meruit*. Señaló también que no pagarle iría en contra de los principios de equidad y enriquecimiento injusto.

El 30 de junio de 2020 expedimos el auto de <u>certiorari</u> y, con el beneficio de la comparecencia de ambas partes, procedemos a resolver la controversia incoada.

II

La Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, entre otras cosas, permite que se solicite la desestimación de una demanda, bajo el fundamento de que esta no expone una reclamación que justifique la concesión de un remedio. Esta moción se dirige a los méritos de la controversia y no a los aspectos procesales del caso. <u>Montañez v. Hosp. Metropolitano</u>, 157 DPR 96, 104-105 (2002). Al resolver estas mociones de desestimación, el

tribunal tomará como ciertos todos los hechos bien alegados en la demanda. <u>Colón Rivera et al. v. ELA</u>, 189 DPR 1033 (2013); <u>El Día, Inc. v. Mun. de Guaynabo</u>, 187 DPR 811 (2013). En esta evaluación se considerarán como ciertos los hechos que de su faz no den margen a dudas y que hayan sido bien alegados. <u>Rivera Sanfeliz v. Jta. Dir. FirstBank</u>, 193 DPR 38 (2015); <u>Colón v. Lotería</u>, 167 DPR 625 (2006); <u>Sánchez v. Aut. de los Puertos</u>, 153 DPR 559 (2001).

A tales efectos, las alegaciones de la demanda deben ser interpretadas de manera liberal y conjunta, de la forma más favorable al demandante. <u>López García v. López García</u>, 200 DPR 50, 69 (2018); <u>Dorante v. Wrangler of P.R.</u>, 145 DPR 408 (1998). Bajo este criterio, una demanda será desestimada solo si de esta se desprende que carece de todo mérito o que la parte demandante no tiene derecho a remedio alguno bajo cualesquiera de los hechos que se puedan probar. <u>González Méndez v. Acción Social</u>, 196 DPR 213 (2016); <u>Aut. Tierras v. Moreno & Ruiz Dev. Corp.</u>, 174 DPR 409 (2008); <u>Reyes v. Sucn. Sánchez Soto</u>, 98 DPR 305 (1970). Es decir, procede la desestimación si aun interpretando la demanda liberalmente no hay remedio alguno disponible en el estado de Derecho. <u>Ortiz Matías et al. v. Mora Development</u>, 187 DPR 649, 654 (2013). Así pues, los tribunales evaluarán "[s]i a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida". <u>Pressure Vessels P.R. v. Empire Gas P.R.</u>, 137 DPR 497, 505 (1994).

Por otra parte, el Art. 608 del Código Civil de Puerto Rico, 31 LPRA sec. 2090, dispone que una herencia incluye "[t]odos los bienes, derechos y obligaciones de una persona, que no se extingan por su muerte". Cuando el causante tiene más de un heredero a título universal, surge una comunidad hereditaria. Miranda Meléndez v. Registrador, 193 DPR 862 (2015); Soc. de Gananciales v. Registrador, 151 DPR 315, 317 (2000). En esta, los herederos suceden en todos sus derechos y obligaciones al causante. Art. 210 del Código Civil de Puerto Rico, 31 LPRA sec. 2092. Además, una de sus características es la universalidad, donde los coherederos poseen la titularidad de una cuota alícuota o abstracta y no sobre un bien particular. In re Torres Rivera, 2020 TSPR 23, 204 DPR __ (2020); Vega Montoya v. Registrador, 179 DPR 80, 88-89 (2010); Kogan v. Registrador, 125 DPR 636, 651 (1990).

De esta manera, la sustitución del causante por sus herederos constituye una continuación de su personalidad. Torres, Torres v. Torres Serrano, 179 DPR 481 (2010); Sucesión Dávila v. El Registrador de la Propiedad, 15 DPR 669, 673 (1909). Cabe destacar que previo a que se divida y adjudique la herencia, procede el cobro de créditos y el pago de deudas. LSREF2 Island Holdigs, Ltd. Inc. v. Ashford R.J.F. Inc., 201 DPR 1026, 1037 (2019), citando a J. Cuevas Segarra y A. Román García, Derecho sucesorio comparado: Puerto Rico y España, San Juan, Pubs. JTS, 2003, pág. 395; Ruiz v. Ruiz, 74 DPR 347, 351 (1953). Véase, 31 LPRA 2931.

Es norma establecida que al culminar la sociedad legal de gananciales surge una comunidad de bienes postganancial hasta que esta se divida o liquide. LSREF2 Island Holdigs, Ltd. Inc. v. Ashford R.J.F. Inc., supra, pág. 1034; Muñiz Noriega v. Muñoz Bonet, 177 DPR 967, 982-983 (2010). Si a causa de la muerte de alguno de los excónyuges coexiste una comunidad hereditaria con una comunidad postganancial, primero debe liquidarse la comunidad postganancial. LSREF2 Island Holdigs, Ltd. Inc. v. Ashford R.J.F. Inc., supra, pág. 1036; Méndez v. Ruiz Rivera, 124 DPR 579, 587 (1989).

Una vez disuelto el vínculo matrimonial, cesa la presunción de ganancialidad que establece el Art. 1307 del Código Civil, 31 LPRA 3674. Montalván v. Rodríguez, 161 DPR 411, 428 (2004). Las obligaciones que posterior a esto contraiga alguno de los excónyuges recaerán sobre su capital privativo. Montalván v. Rodríguez, supra, pág. 423, citando a J.L. Lacruz Berdejo, Elementos de Derecho Civil, Barcelona, Ed. J.Ma. Bosch, editor, 1997, pág. 351; M. Rivera Fernández, *La Comunidad Postganancial*, Barcelona, Ed. J.Ma. Bosh, editor, Madrid, 1997, pág. 85.

Según se desprende del expediente, entre el señor Roldán Graniela y la licenciada Cruz Pérez había un contrato escrito de servicios profesionales para que esta lo representara a cambio del pago de honorarios a razón del veinte porciento (20%) de lo que se recibiera en la reclamación de liquidación de la comunidad postganancial entre este y la señora Rodríguez Morales. Antes de que el señor Roldán Graniela falleciera, por espacio de

aproximadamente cinco (5) años, la licenciada Cruz Pérez lo representó y llevó a cabo gestiones correspondientes al pleito.

Con la muerte del señor Roldán Graniela, sus legitimarias Delmarie Roldán Rodríguez y Delma Roldán Rodríguez pasaron a ser sus únicas y universales herederas. Estas le suceden en sus derechos y obligaciones. La licenciada Cruz Pérez tiene derecho a cobrar un importe razonable por los servicios legales brindados, motivo de la obligación suscrita con el señor Roldán Graniela. A tales efectos, concluimos que el Tribunal de Apelaciones erró al desestimar la demanda de cobro de dinero contra las señoras Roldán Rodríguez.

Por el contrario, la señora Rodríguez Morales no es heredera del causante. El hecho de que al momento de la muerte del señor Roldán Graniela no se hubiera liquidado la extinta sociedad de gananciales no es suficiente para determinar que esta tiene una obligación de pago para con la licenciada Cruz Pérez. Tomando como ciertos los hechos bien alegados en la demanda y de la manera más favorable a la licenciada Cruz Pérez, es forzoso concluir que la alegada deuda es privativa y no le cobija una presunción de ganancialidad. La letrada Cruz Pérez no tiene derecho a remedio alguno contra la señora Delma Rodríguez Morales. El Tribunal de Apelaciones actuó correctamente al desestimar la demanda contra la Sra. Delma Rodríguez Morales.

III

El contrato de servicios legales se considera una variante del contrato de arrendamiento de servicios del Art. 1434 del Código Civil, 31 LPRA sec. 4013. Berkan et al. v. Mead Johnson, 2020 TSPR 29, 204 DPR __ (2020); In re Pellot Córdova y otro, 2020 TSPR 96, 204 DPR __ (2020); In re Rodríguez Mercado, 165 DPR 630, 641 (2005). No obstante, es un contrato *sui generis*, revestido de las consideraciones éticas que regulan la profesión legal. In re Vélez Lugo, 180 DPR 987 (2011); López de Victoria v. Rodríguez, 113 DPR 265 (1982). Véase, Canon 24 del Código de Ética Profesional, 4 LPRA Ap. IX.

Por su parte, el pacto de honorarios contingentes es el acuerdo entre el abogado y su cliente, donde se establece que el abogado será compensado si se prevalece en el caso y en proporción a la cuantía que se conceda en la sentencia. In re Colón Hernández, 189 DPR 275 (2013). En este tipo de convenios el abogado cobra por la gestión realizada, según la suerte del proceso. Pérez v. Col. Cirujanos Dentistas de P.R., 131 DPR 545, 560 (1992); Franqui v. Fuentes Hnos., 44 DPR 712 (1933).

El abogado que suscribe un pacto de *cuotalitis* no puede reclamar honorarios a base de este si la contingencia pactada no llega a darse, ya sea por deseo del cliente o por causas no imputables al abogado. Pérez v. Col. Cirujanos Dentistas de P.R., supra, pág. 561. A tales efectos, al pactar honorarios contingentes el abogado conoce que, si pierde el caso en los méritos, no tiene derecho a cobrar nada, independientemente del tiempo y

esfuerzo que haya dedicado. Blanco Matos v. Colón Mulero, 200 DPR 398, 409 (2018), citando a Pérez v. Col. Cirujanos Dentistas de P.R., 131 DPR 545, 560 (1992).

Asimismo, cuando se contrata a un abogado para celebrar una transacción y luego se le destituye, este no tiene derecho a obtener la cantidad pactada a menos que el asunto quede definitivamente transigido. Ruiz de Val v. Morales, 43 DPR 283, 289 (1932). No obstante, bajo circunstancias apropiadas, "[s]egún nuestro estado de derecho vigente, no cabe la menor duda que el abogado tiene derecho a recibir una compensación razonable por los servicios prestados". Pérez v. Col. Cirujanos Dentistas de P.R., supra, pág. 558.

Esta compensación razonable proviene del precepto legal de *quantum meruit*, es decir "[t]anto como se merece". I. Rivera García, *Diccionario de Términos Jurídicos*, 3ra ed. rev., San Juan, Ed. Lexis, 2000, pág. 395. De hecho, el Art. 1473 del Código Civil, 31 LPRA sec. 4111, viabiliza las acciones para reclamar el mencionado importe razonable. Dispone:

> [...] En cuanto a los servicios profesionales, se estará, para la remuneración de los mismos, a lo convenido entre las partes; cuando no hubiere convenio y surgieren diferencias, la parte con derecho a la remuneración podrá reclamar y obtener en juicio de la otra parte, ante cualquier corte de jurisdicción competente, el importe razonable de dichos servicios. Íd.

La figura jurídica de *quantum meruit* busca evitar el enriquecimiento injusto, proveyendo un remedio de restitución fundamentado en elementos de justicia. Blanco

Matos v. Colón Mulero, supra, pág. 413. En estos casos, el tribunal tiene la facultad de determinar lo que considera el valor razonable de la labor realizada. Ruiz de Val v. Morales, supra, pág. 288. El peso de la prueba recae en el reclamante. "Es este quien alega tener derecho a ser remunerado y quien perdería todo derecho a ser compensado de no presentarse evidencia alguna. 32 LPRA Ap. VI, R.110(a) y (b)". Blanco Matos v. Colón Mulero, supra, pág. 415. Al abogado demandante le corresponde presentar prueba sobre: (1) las gestiones profesionales realizadas, (2) el tiempo dedicado a cada una de las gestiones, y (3) el valor razonable de las horas dedicadas. Colón v. All Amer. Life & Cas. Co., 110 DPR 772, 777 (1981).

Como vemos, los tribunales fijarán los honorarios a los que tenga derecho el reclamante tomando en consideración los factores enumerados en el Canon 24 del Código de Ética Profesional, 4 LPRA Ap. IX. Blanco Matos v. Colón Mulero, supra, pág. 415. Algunos de estos son: el tiempo y trabajo requeridos, la novedad y dificultad de las cuestiones envueltas, la habilidad que requiere conducir propiamente el caso, y los honorarios que acostumbradamente se cobran en el distrito judicial por servicios similares. Íd.

Como norma general, cuando existe un pacto de honorarios, aplica el principio de *pacta sunt servanta*. Sin embargo,

> [e]n el pasado hemos aplicado la norma de *quantum meruit* para fijar el monto de los honorarios de abogado en distintos escenarios tales como: (1) el abogado que pactó un contrato de honorarios con su

cliente el cual se invalidó por alguna irregularidad en su ejecución; (2) el abogado que fue destituido por su cliente sin culminar el trabajo para el que fue contratado; (3) el abogado que pactó honorarios contingentes, se vio obligado a desistir voluntariamente de la reclamación por instrucción de su cliente y no contempló esa eventualidad en el contrato de servicios legales; y (4) el abogado que renunció a la representación legal de su cliente, antes de culminar la gestión profesional para la que fue contratado por honorarios contingentes. Berkan et al. v. Mead Johnson, supra, pág. ___ .

De igual manera, cuando no se puedan calcular los honorarios a base de un pacto de *cuotalitis*, los tribunales estimarán la compensación razonable en concepto de retribución a la labor realizada por el abogado. Pérez v. Col. Cirujanos Dentistas de P.R., supra, págs. 559-560; Colón v. All Amer. Life & Cas. Co., supra, pág. 777.

Por otro lado, algunas jurisdicciones estatales reconocen que un contrato de honorarios de abogado *cuotalitis* culmina con la muerte del cliente. A manera de ejemplo, en In re Estate of Simmons, 362 Ill. App. 3d 944, 299 Ill. Dec. 302, 841 N.E.2d 1034 (5th Dist. 2005), el cliente y su abogado habían pactado un contrato de honorarios contingentes para una reclamación de daños causados en un proceso médico. Antes de que culminara la acción, el cliente murió por causas no relacionadas y los herederos se negaron a que el abogado continuara con el caso. El tribunal apelativo de Illinois determinó que ante el hecho de que no se había dado la contingencia pactada, el abogado tenía derecho a recobrar el costo razonable de los servicios legales brindados. Se invocó la doctrina de *quantum meruit*. Además, el tribunal razonó que con su

decisión preservaba el derecho del cliente a tener control de su causa de acción y a poder prescindir de los servicios del abogado mientras se le permitía a este último obtener una compensación razonable por los servicios brindados. Íd.

En el caso de autos, el contrato de honorarios contingentes culminó con la muerte del cliente. Los principios aplicables a esta causa de acción son los correspondientes al cobro de dinero bajo *quantum meruit* y no los de cumplimiento de contrato. Por consiguiente, la cuantía pactada en el contrato de contingencia deja de ser la base para calcular la compensación a la que podría tener derecho la licenciada Cruz Pérez. Una vez la letrada haya cumplido con la carga inicial de evidenciar la labor realizada, el tribunal determinará la cuantía razonable que se tiene derecho a recibir como pago de honorarios, teniendo en cuenta los criterios fijados en el Canon 24 del Código de Ética Profesional, supra.

IV

La licenciada Cruz Pérez alega que las herederas del causante, aquí recurridas, le adeudan el pago de honorarios contingentes pactados a razón del veinte porciento (20%) del valor de la participación del señor Roldán Graniela en la comunidad postganancial, al momento de su muerte. Nos pide que tomemos conocimiento judicial del expediente del caso de liquidación de la comunidad postganancial como evidencia de la labor profesional que realizó. Además, reitera que se vio obligada a renunciar a petición de las señoras Roldán Rodríguez y que su renuncia no fue

voluntaria. No obstante, reconoce que el precitado caso no culminó con una liquidación patrimonial ni con una adjudicación judicial en los méritos.

La licenciada Cruz Pérez, insiste contradictoriamente en que le corresponde el cobro de honorarios conforme a la valoración mencionada, utilizando como fundamento el principio jurídico de equidad, pero reconoce que la contingencia pactada no se consumó.

A la licenciada Cruz Pérez no le asiste la razón en cuanto a que le corresponde el cobro de honorarios de forma contingente. La normativa aplicable a los honorarios contingentes es clara y es un hecho irrefutable que en el caso de autos la letrada no culminó la gestión profesional para la que se le contrató. Incluso, en la reclamación no se recibió nada. El contrato es contundente al establecer: "Los honorarios pactados **serán el 20% de lo recibido** en la reclamación, ya sea judicial o extrajudicialmente". (Énfasis nuestro).

Si bien es cierto que la presente reclamación amerita la concesión de un remedio y por tanto no procedía su desestimación, también es cierto que no nos encontramos ante un vacío jurídico. El estándar aplicable es el de *quantum meruit*.

La muerte del señor Roldán Graniela, mientras estaba activo el pleito de liquidación, conllevó que sus hijas le sustituyeran como parte. Por petición de ellas, la licenciada Cruz Pérez renunció a la representación legal de su cliente, antes de culminar su gestión profesional.

Siendo así, se configura uno de los escenarios en que procede que se compense la labor profesional de la abogada por virtud de la doctrina de *quantum meruit*. En vista de que la licenciada Cruz Pérez se quedó sin cliente y se veía imposibilitada de continuar la representación -al igual que cuando un abogado es destituido por su cliente- no cabe hablar de si la renuncia fue voluntaria o involuntaria. Debemos preservar el derecho de una parte a retener el control de su causa de acción y a poder prescindir de los servicios de un abogado sin que esto impida que el abogado obtenga una compensación razonable por los servicios brindados.

Aclaramos que cuando hay un pacto de honorarios contingentes y el cliente muere sin que se haya dado la contingencia, y el abogado queda imposibilitado de continuar con su gestión, ya sea por conflicto de intereses u otras causas, procede que se le pague un importe razonable por las gestiones que haya realizado hasta la fecha en que su representación culminó. En estos casos, el abogado que reclama el pago de honorarios deberá presentar prueba sobre la justa causa para la renuncia, las gestiones profesionales realizadas, el tiempo dedicado a cada una de estas y el valor razonable de las horas trabajadas.

Así, el tribunal determinará la cuantía razonable que debe pagarse al abogado conforme a los factores enumerados en el Canon 24 de Ética Profesional, supra. No basta con solicitarle al tribunal que tome conocimiento judicial del expediente del caso correspondiente. Si el abogado

reclamante no presenta prueba suficiente de las gestiones realizadas estaría renunciando a ser compensado.

Finalmente, viene a nuestra atención que la parte recurrida reconoció en múltiples ocasiones el derecho de la abogada a ser compensada por la labor realizada, según la doctrina de *quantum meruit*. Esto fue rechazado por la licenciada Cruz Pérez. Aunque esta arguyó que el foro apelativo intermedio erró al desestimar sin considerar la doctrina de *quantum meruit*, a su vez, erróneamente mantuvo la postura invariable de que se le debía pagar tomando como base el contrato suscrito. Incluso, bajo este fundamento la licenciada Cruz Pérez rechazó una oferta extrajudicial hecha por las recurridas para el pago por la labor realizada y posteriormente rechazó una oferta de sentencia según la Regla 35.1 de Procedimiento Civil, 32 LPRA Ap. V. El Tribunal de Primera Instancia deberá considerar esto al hacer sus determinaciones finales en cuanto al cómputo correspondiente como remuneración bajo la doctrina de *quantum meruit*.

V

Por los fundamentos antes expuestos, revocamos la sentencia del Tribunal de Apelaciones y devolvemos el caso al Tribunal de Primera Instancia para que continúe con los procedimientos conforme con lo aquí dispuesto.

RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rina Cruz Pérez

    Peticionaria

       v.                    CC-2020-0127

Delmarie Roldán Rodríguez;
Wilmarie Roldán Rodríguez;
Delma Rodríguez Morales

    Recurridos

SENTENCIA

En San Juan, Puerto Rico, a 18 de febrero de 2021.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de esta Sentencia revocamos la sentencia del Tribunal de Apelaciones y devolvemos el caso al Tribunal de Primera Instancia para que continúe con los procedimientos conforme con lo aquí dispuesto.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo