ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| JOSÉ MIGUEL PÉREZ VILLANUEVA<br><br>Apelante<br><br>v.<br><br>SUCESIÓN DE JOSÉ ANTONIO GONZÁLEZ, compuesta por JOSÉ ALBERTO GONZÁLEZ CORCHADO; JUAN CARLOS GONZÁLEZ CORCHADO, ISAAC RENÉ GONZÁLEZ CORCHADO y FELICHA GONZÁLEZ ROMÁN<br><br>Apelados | **KLAN202300240** | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Civil Núm. AG2021CV01419<br><br>Sobre: Cobro de dinero |

Panel integrado por su presidenta, la Jueza Birriel Cardona, el Juez Bonilla Ortiz y el Juez Pagán Ocasio.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de abril de 2023.

Comparece ante este foro el Lcdo. José Miguel Pérez Villanueva (licenciado Pérez o "el apelante") y nos solicita que revisemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, la cual fue notificada el 7 de febrero de 2023. En virtud de esta, el foro primario declaró *Ha Lugar* una moción de sentencia sumaria instada por la Sucesión de José Antonio González, la cual está compuesta por José Alberto, Juan Carlos e Isaac René, todos de apellidos González Corchado, y Felicha González Román (en conjunto, la Sucesión o "parte apelada").

Por los fundamentos que se exponen a continuación, **CONFIRMAMOS** la *Sentencia* apelada.

Número Identificador

SEN2023 _____

## I.

El 18 de noviembre de 2021, el licenciado Pérez instó una *Demanda* sobre cobro de dinero, en contra de la Sucesión.[1] Como remedio, reclamó de la Sucesión el pago de una suma principal ascendente a **$21,750.00**, además de otra partida de $1,000.00, por concepto de honorarios de abogado por temeridad, las costas del pleito y los intereses por mora correspondientes.

En síntesis, alegó que la suma adeudada corresponde a servicios legales prestados a la parte apelada, quien no satisfizo el monto acordado, según las condiciones pactadas. Según alegó, tales servicios consistieron en la otorgación de un contrato de servicios profesionales, en virtud del cual el licenciado Pérez llevó a cabo una investigación y prestó asesoría legal conducente a la impugnación de un testamento. El licenciado Pérez alegó también que, como parte de los servicios legales prestados, presentó un escrito de contestación a la demanda y, además, compareció en varias ocasiones en representación de la Sucesión, en calidad de parte demandada, en el caso civil número AG2019CV00171.[2]

El 21 de abril de 2022, la Sucesión contestó la demanda y, además, presentó una reconvención.[3] En síntesis, adujeron que el licenciado Pérez no tiene derecho al cobro de honorarios contingentes, debido a que renunció a la representación legal antes de que el caso se dilucidara en los méritos. En la reconvención,

---

[1] *Demanda Cobro de Dinero*, anejo 5, págs. 16-19 del apéndice del recurso.
[2] Por este medio, tomamos conocimiento judicial de que, en el mencionado caso, la parte apelada fue demandada para solicitar la división y liquidación de bienes hereditarios, por parte de otro miembro de la Sucesión del Sr. José Antonio González, a saber, el Sr. Luis Ángel González González. Véase, Regla 201 de Evidencia, 32 LPRA Ap. VI, R. 201.
[3] *Contestación a Demanda y Reconvención*, anejo 7, págs. 24-29 del apéndice del recurso.

solicitó como remedio que el tribunal le ordene al licenciado Pérez satisfacer $5,000.00, correspondientes a gastos y honorarios de abogado por temeridad. Por su parte, el 25 de agosto de 2022, el licenciado Pérez contestó la reconvención.[4]

Luego de una serie de incidencias procesales, el 20 de diciembre de 2022, la Sucesión presentó una solicitud de sentencia sumaria.[5] Mediante esta, adujo que no existían controversias de hechos respecto a que al licenciado Pérez no le asiste el derecho de cobrar los honorarios contingentes que fueron pactados en el contrato de servicios profesionales.

El 13 de enero de 2023, el licenciado Pérez presentó una contestación a la moción de sentencia sumaria.[6] En síntesis, reiteró su argumento de que tiene derecho al cobro de honorarios contingentes, de conformidad con la doctrina de valor razonable o *quantum meruit*.

Tras evaluar la moción de sentencia sumaria y el escrito de contestación, el 7 de febrero de 2023, el foro primario notificó la *Sentencia* apelada.[7] En virtud de esta, declaró *Ha Lugar* la moción de sentencia sumaria.

En síntesis, el foro primario determinó como hecho incontrovertido que, el 29 de julio de 2021 y a solicitud de la Sucesión, el licenciado Pérez fue relevado de la representación legal, es decir, con anterioridad al inicio del juicio en su fondo en el caso número AG2019CV00171. El juicio comenzó el 12 de agosto de

---

[4] *Contestación a Reconvención*, anejo 8, págs. 30-31 del apéndice del recurso.
[5] *Moción para Sentencia Sumaria*, anejo 9, págs. 32-41 del apéndice del recurso.
[6] *Moción en Oposición a Sentencia Sumaria*, anejo 10, págs. 42-47 del apéndice del recurso.
[7] *Sentencia*, anejo 1, págs. 1-10 del apéndice del recurso.

2021, y a este comparecieron otros dos abogados, en representación de la Sucesión.

Consecuentemente, y en consideración al hecho de que el licenciado Pérez no llegó a representar a la Sucesión en el juicio, el foro primario concluyó que este no tiene derecho a cobrar honorarios contingentes. Sin embargo, debido a que también determinó como hecho incontrovertido que el licenciado Pérez tenía derecho a cobrar honorarios correspondientes a aquellas vistas a las que asistió antes del juicio, ordenó el pago de la suma adeudada, la cual cuantificó en $1,750.00, así como los intereses devengados por dicha suma.

En desacuerdo, el 16 de febrero de 2023, el apelante solicitó reconsideración.[8]  Tras evaluar la referida solicitud, el foro primario la declaró *No Ha Lugar*, mediante una *Resolución* que fue notificada el 17 de febrero de 2023.[9]

Todavía inconforme, el 23 de marzo de 2023, el licenciado Pérez presentó la *Apelación Civil* de epígrafe, en la que adujo que el foro primario cometió el siguiente error:

> Erró el Tribunal de Primera Instancia al declarar *Ha Lugar* [la] moción de Sentencia Sumaria y establecer que el licenciado José Miguel Pérez Villanueva, no tiene derecho a cobrar los honorarios contingentes pactados en el contrato.

Transcurrido el término dispuesto en nuestro Reglamento para la presentación del alegato de la parte apelada,[10] la Sucesión no compareció a presentarnos su postura. Consecuentemente, declaramos perfeccionado el

---

[8] *Reconsideración*, anejo 3, págs. 12-14 del apéndice del recurso.
[9] *Notificación*, anejo 4, pág. 15 del apéndice del recurso.
[10] Regla 22 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 22.

recurso de epígrafe y procedemos a su disposición, conforme a Derecho.

**II.**

**-A-**

La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, atiende todo lo referente al mecanismo de sentencia sumaria. En específico, dispone que una parte podrá presentar una moción fundamentada "en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada". Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1.

Así pues, la parte que solicite la disposición de un asunto mediante el mecanismo de sentencia sumaria deberá establecer su derecho con claridad, pero, sobre todo, deberá demostrar que no existe controversia sustancial sobre algún hecho esencial. *González Aristud v. Hosp. Pavía*, 168 DPR 127, 137-138 (2006); *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).

De otro lado, la parte que se oponga a que se dicte sentencia sumaria deberá controvertir la prueba presentada por la parte que la solicita, por lo que deberá cumplir con los mismos requisitos que tiene que cumplir la parte proponente. Además, su solicitud deberá contener una relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos. Además, debe contener la indicación de los párrafos o las páginas

de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal. Véase, Regla 36.3(b) de Procedimiento Civil, 32 LPRA V, R. 36.3; *Meléndez González v. M. Cuebas*, 193 DPR 100, 136 (2015); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 432 (2013).

Una vez las partes cumplan con las disposiciones antes esbozadas, la precitada Regla 36 de Procedimiento Civil requiere que se dicte sentencia sumaria, solamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia si las hubiere, acreditan la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y pertinente y, además, si el derecho aplicable así lo justifica. *SLG Zapata-Rivera v. J.F. Montalvo*, supra, a las págs. 430-434.

Por último, en *Meléndez González et al. v M. Cuebas*, supra, a las págs. 116-117, el Tribunal Supremo amplió el estándar específico que este foro debe utilizar al momento de revisar la concesión de una solicitud de sentencia sumaria y estableció que nos encontramos en la misma posición que el foro primario para evaluar la procedencia de una sentencia sumaria. Además, quedó resuelto que nos regiremos por la Regla 36 de Procedimiento Civil, *supra*, y por los criterios de su jurisprudencia interpretativa. Al así concluir, el Tribunal Supremo resolvió que:

> Segundo, por estar en la misma posición que el foro primario, el Tribunal de Apelaciones debe revisar que tanto la Moción de Sentencia

Sumaria como su Oposición cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, supra, y discutidos en SLG Zapata-Rivera v. JF Montalvo, supra.

Tercero, en el caso de revisión de una Sentencia dictada sumariamente, el Tribunal de Apelaciones debe revisar si en realidad existen hechos materiales en controversia. De haberlos, el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos. Esta determinación puede hacerse en la Sentencia que disponga del caso y puede hacer referencia al listado numerado de hechos incontrovertidos que emitió el foro primario en su Sentencia.

Cuarto, y[,] por último, de encontrar que los hechos materiales realmente están incontrovertidos, el foro apelativo intermedio procederá entonces a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.

*Meléndez González v. M. Cuebas*, supra, a las págs. 118-119.

**-B-**

El Artículo 1384 del *Código Civil de Puerto Rico de 2020*, 31 LPRA sec. 4111, establece que "[e]l precio de los servicios se determina por el convenio de las partes o, en su defecto, por la ley o los usos". La citada disposición añade que, "[c]uando no se haya convenido el precio ni exista ley ni usos aplicables, lo determina el tribunal".

De forma cónsona, en tales casos nuestro Tribunal Supremo ha validado la facultad y discreción con que cuenta el foro primario para determinar lo que considera el valor razonable de la labor realizada por el abogado. Véase, *Ruiz de Val v. Morales*, 43 DPR 283, 288 (1932). Así, la doctrina del *quantum meruit* busca evitar el enriquecimiento injusto, proveyendo un remedio de destitución, fundamentado en elementos de justicia.

Véase, *Blanco Matos v. Colón Mulero*, 200 DPR 398, 413 (2018). El referido concepto significa "tanto como se merece" y reconoce el derecho que tiene toda persona a reclamar el valor razonable de los servicios que ha prestado. *Íd.*, a la pág. 412.

En consecuencia, un abogado puede reclamar una compensación por los servicios prestados a base de la doctrina de *quantum meruit*, cuando no haya mediado un pacto expreso para el pago de ciertos honorarios o si el contrato ha sido invalidado debido a alguna irregularidad. *Íd.*, a la pág. 413; *Pérez v. Col. Cirujanos Dentistas de P.R.*, 131 DPR 545, 561 (1992). En estos casos, es al abogado demandante a quien le corresponde probar la naturaleza de las gestiones profesionales llevadas a cabo, el tiempo que dedicó a cada una de esas gestiones y el valor razonable de las horas dedicadas. *Colón v. All Amer. Life & Cas. Co.*, 110 DPR 772, 777 (1981).

Así, pues, nuestro Tribunal Supremo ha aplicado la doctrina de *quantum meruit* en diversos contextos, como una excepción a la doctrina de *pacta sunt servanda*. Entre estos, se destacan las instancias en que un abogado pactó honorarios contingentes y luego se vio obligado a renunciar por instrucciones de su cliente, o por cualquier otra razón, antes de culminada la gestión profesional para la que fue contratado por honorarios contingentes. Véase, *Cruz Pérez v. Roldán Rodríguez*, 206 DPR 261, 272-273 (2021).

**III.**

Mediante el único señalamiento de error formulado, el licenciado Pérez adujo que el foro primario erró al declarar *Ha Lugar* la solicitud de sentencia sumaria

instada por la Sucesión y, consecuentemente, no reconocerle el derecho a cobrar los honorarios contingentes pactados en el contrato. No tiene razón.

En primer lugar, recordemos que, al encontrarnos en la misma posición que el foro primario, el Tribunal Supremo nos encomienda llevar a cabo un análisis *de novo* de las solicitudes de sentencia sumaria objeto de los recursos ante nos. En consideración a lo anterior, y tras llevar a cabo el referido análisis, comenzamos por acoger en su totalidad la relación de hechos incontrovertidos formulada por el foro primario. Ello, por considerar que los hechos incontrovertidos formulados por el foro primario en la *Sentencia* apelada, en efecto, encuentran apoyo en la moción de sentencia sumaria instada por la parte apelada.

Así las cosas, consideramos que el foro primario tampoco erró al aplicar el derecho a los hechos incontrovertidos formulados. Es decir, que, al igual que el foro primario, estamos convenidos de que el licenciado Pérez no tiene derecho al cobro de honorarios contingentes, al amparo de la doctrina del *quantum meruit*, como reclamó. Ello, en la medida que, si bien representó a la Sucesión en vistas previas al juicio llevado a cabo en el caso civil número AG2019CV00171, este fue relevado de la representación legal de la parte apelada, antes del comienzo del juicio en su fondo.

Tal y como reseñó el foro primario en la *Sentencia* apelada, en nuestro ordenamiento jurídico, el pacto de honorarios contingentes es el acuerdo entre el abogado y su cliente. En virtud de este, se establece que el abogado será compensado, únicamente en el supuesto de prevalecer en el caso y en proporción a la cuantía que

se conceda en la sentencia, a favor de su cliente.[11] Así, en este tipo de convenio, el abogado devengaría honorarios por la gestión realizada, de acuerdo con el desenlace del proceso.[12] Consecuentemente, y a la luz de lo antes expresado, es forzoso concluir que el licenciado Pérez no puede reclamar el pago de monto alguno, por concepto de honorarios contingentes pactados, debido a que la representación legal en cuestión cesó antes del comienzo del juicio en su fondo.

Ahora bien, tal y como expresó el foro primario, también es un hecho incontrovertido que las partes pactaron que el apelante devengaría **$350.00** por cada vista previa al juicio en la que les representara. Asimismo, también está incontrovertido el hecho de que el licenciado Pérez representó a la parte apelada en cinco vistas, por las que no cobró los honorarios pactados. Tal y como destacó el foro primario en el dictamen apelado, la Sucesión incluso manifestó estar de acuerdo en satisfacer el pago correspondiente a la comparecencia del apelante a las cinco vistas.[13]

Por consiguiente, actuó correctamente el foro primario al ordenarle a la Sucesión que satisfaga el monto de **$1,750.00**, a razón de $350.00 por cada una de tales vistas, a favor del licenciado Pérez, más los intereses que devengue dicha suma. En fin, procede confirmar el dictamen apelado.

### IV.

Por los fundamentos antes expuestos, se **CONFIRMA** la *Sentencia* apelada.

---

[11] *In re Colón Hernández*, 189 DPR 275 (2013).
[12] *Pérez v. Col. Cirujanos Dentistas de P.R.*, 131 DPR 545, 560 (1992); *Franqui v. Fuentes Hnos.*, 44 DPR 712 (1933).
[13] *Sentencia*, anejo 1, a la pág. 2 del apéndice del recurso.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones